**AFFIDAVIT**

Your Affiant, Special Agent Daniel Lajack, being duly sworn, deposes and states:

Affiant, Daniel Lajack, is an employee of the Lake County Narcotics Agency (LCNA), Painesville, Lake County, Ohio, as a Special Agent, since July 2000, and is currently assigned as a Task Force Officer (TFO) with the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is a TFO for the DEA, and has been assigned to the Cleveland District Office (CDO) in Cleveland, Ohio, since October 2016.

**TRAINING AND EXPERIENCE**

Affiant has received specialized training in conducting narcotics investigations from the Ohio Peace Officer Training Academy, the Narcotics Association of Regional Coordinating Officers, the DEA Training Academy in Quantico, Virginia, the United States Attorney's Office, the Northeast Counterdrug Training Center, Ohio High Intensity Drug Trafficking Area, and other law enforcement training centers regarding the identification of narcotic controlled substances and the operation of drug trafficking organizations.

Affiant has also been involved in the investigation of numerous individuals and organizations involved in the manufacturing, distribution, and use of controlled substances. During Affiant's employment as a Special Agent with LCNA, and DEA as a Task Force Officer, Affiant has also worked in an undercover capacity for the purpose of purchasing and/or delivering controlled substances; and has participated in the preparation of affidavits in support of numerous search and arrest warrants for violations of federal drug laws contained in Title 21, United States Code, as well as in the execution of the same.

In addition, Affiant has on numerous occasions, as a Special Agent with LCNA and with DEA as a Task Force Officer, made seizures of contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of Title 21, United States Code, Section 841. Affiant has successfully conducted numerous investigations that have resulted in the arrest of numerous drug traffickers and the

seizure of significant quantities of drugs and drug-related proceeds.  Affiant has further conducted surveillance operations of drug traffickers and has interviewed numerous persons personally involved in drug trafficking.  Affiant has also supervised numerous confidential sources during controlled purchases of narcotics.  Through this training and experience, Affiant has become familiar with, and has gained a thorough understanding of the methods, manner and means used by individuals engaged in the unlawful manufacturing, trafficking, and use of controlled substances.

Affiant makes this affidavit in support of a criminal complaint arrest warrants for Nathan Jesus BAEZA, Christian SHERMAN, and Harold FOUCHA Jr.  This affidavit does not contain each and every piece of information known to Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested arrest warrant.

**PROBABLE CAUSE**

1. On Friday, July 26, 2019, Task Force Officer (TFO) Dan Lajack of the DEA Cleveland District Office Group 1 Task Force received information from TFO Taylor Hawkins of the DEA Amarillo Resident Office in the State of Texas. TFO Hawkins stated the Texas Department of Public Safety (TDPS) conducted a traffic stop on a white Mercedes cargo van. Inside the rear of the van was a large pallet that had 4 large cardboard boxes on it. A TDPS K-9 alerted on the Mercedes van. TDPS located approximately 20 kilograms of suspected drugs inside two of the four boxes.[1] The driver of the van, hereinafter referred to as a Confidential Source (CS), fully cooperated. TDPS contacted the DEA in Amarillo, Texas, who then responded. Members of the Amarillo DEA had the opportunity to interview the CS. The CS provided a bill of lading for the pallet. The pallet was scheduled for delivery on Saturday, July 27, 2019 at 12:00 PM. The address on the bill of lading for where the pallet was to be delivered to was 16330 Snow Road, Brookpark, Ohio, with the name of MTD Products Inc. This is the address for a Holiday Inn Express. The CS stated

---

[1] Investigators in Texas field-tested one kilogram of the suspected drugs, which tested positive for cocaine, a Schedule II controlled substance.

he/she would cooperate with law enforcement by delivering the pallet.

2. On Friday, July 26, 2019, TFO Hawkins and TFO Lajack agreed to attempt a controlled delivery of the 20 kilograms of cocaine to the Holiday Inn Express the following day. The CS was instructed to drive to the Cleveland, Ohio area. TFO Hawkins and TFO Vern Wilson would be flying into Cleveland, Ohio with DEA air wing, as well as flying the 20 kilograms of cocaine for the controlled delivery.

3. On Saturday, July 27, 2019, members of the DEA Cleveland District Office, DEA Amarillo Resident Office, the Cleveland Heights Police Department (CHPD), and the Cuyahoga County Sheriff's Office (CCSO) met to attempt the controlled delivery of 20 kilograms to the Holiday Inn Express located at 16330 Snow Road, Brookpark, Ohio.

4. At approximately 11:30 AM, TFO Lajack, TFO Hawkins, TFO Wilson, TFO Maria Matos, and Special Agent Sean O'Malley met with driver of the Mercedes van at a predetermined meeting location. At the meeting location, TFO Lajack searched the CS with negative results. TFO Lajack searched the white Mercedes van with negative results. TFO Lajack equipped the CS with a body transmitter for the purpose of monitoring and recording the controlled delivery. SA O'Malley equipped the one of the four boxes that sat on top of a wood pallet with GPS tracking device so that investigators could always know the whereabouts of the pallet. It should be noted that the 20 kilograms would not be in the boxes upon delivery, due to the fear of destruction and/or investigators losing said cocaine.

5. As investigators were meeting with the CS, members of the DEA Cleveland, CCSO, and CHPD conducted surveillance on the Holiday Inn Express. DEA Cleveland Air wing was also flying and was utilized to provide air support if needed. Once surveillance was established, the CS would drive to the hotel and attempt delivery of the pallet. The CS would have to call his/her dispatch center for the company he/she works for, and would be given a telephone number for the individual he/she would have to call to deliver the pallet. The CS would then call the telephone number and tell whoever answered said phone that he/she was at a hotel, and would require further instructions.

6. At approximately 12:15 PM, the CS made contact with an individual regarding the delivery of the pallet. This individual

was later identified as Nathan Jesus BAEZA. BAEZA informed the CS his name was Steve Miller and was checking to see what order the CS referring too. Surveillance of the CS was maintained the entire time the CS was driving to the Holiday Inn Express. Surveillance observed the CS pulling into the Holiday Inn Express, and as the CS was about to pull into the parking lot, the CS was speaking to BAEZA on the cell phone. BAEZA was observed driving a white Ford F-150, bearing Virginia Registration UZA 8461. This truck is registered to PV Holding, which is a rental company. BAEZA and the CS observed each other, and realized they were supposed to meet. BAEZA gave instruction to park close to the Ford F-150, so they could transfer the pallet from the white Mercedes van to the Ford F-150. At approximately 12:18 PM, investigators observed BAEZA and the CS transfer said pallet to the Ford F-150. After the exchange was complete, the CS departed the area. BAEZA drove away in the Ford F-150 with the pallet in the bed of the truck. Surveillance was established on BAEZA and the truck. TFO Lajack, TFO Hawkins, and TFO Matos met with the CS at a predetermined meeting location. The CS provided TFO Lajack with the bill of lading that required a signature from BAEZA, who signed the bill of lading with the name "Steve Miller". The CS was debriefed by investigators, and was released. Following this TFO Lajack, TFO Hawkins, and TFO Matos joined the surveillance team that was following BAEZA and the Ford F-150.

7. Investigators followed BAEZA as he drove all around the area of the Holiday Inn Express. Finally, BAEZA was observed parking in the rear of a warehouse, located at 6880 Lake Abrams Road, Cleveland, Ohio. SA Shaun Moses, who was flying above in the DEA air wing plane watched BAEZA stand in the bed of the truck between two large dumpsters and begin opening the boxes. At approximately 12:53 PM, investigators arrested BAEZA.

8. At approximately 12:55 PM, TFO Lajack verbally Mirandized BAEZA, who stated he understood his rights and signed the DEA Advise of Rights form. He stated he was staying in Room #339 at the Holiday Inn Express, and provided consent to search his room.  Nothing of evidentiary value was recovered from his hotel room.

9. BAEZA informed TFO Lajack and TFO Matos that he was willing to cooperate with law enforcement. BAEZA informed investigators that he was supposed to call an individual known to BAEZA as "Jefe", who was possibly residing in the State of Arizona.

"Jefe" instructed BAEZA to make the sure the boxes looked good, and for BAEZA to take the boxes back to the Holiday Inn Express, bring them to the room, and then to call an individual who "Jefe" called "Tiger". "Tiger" would then come to the hotel to pick up two of the boxes containing the 20 kilograms of cocaine. It should be noted that TDPS who originally pulled the Mercedes van over on Texas, stated only two of the four boxes had the kilograms of cocaine in them.

10. At this time, investigators made several recorded telephone calls to "Jefe" at (520) 455-8914 where "Jefe" proved these specific instructions to BAEZA.  These calls where all in Spanish.

11. Following the above recorded phone calls, investigators established surveillance back at the Holiday inn Express. TFO Lajack, TFO Hawkins, TFO Matos, and TFO Wilson went with BAEZA to the hotel and up to Room #339 with all four boxes. TFO Lajack equipped BAEZA with a body transmitter for the purposes of being monitored and recorded. Under the control of DEA, BAEZA would walk with two boxes to his Ford F-150, place the two boxes in the back seat, and wait for the recipient of said boxes.

12. At approximately 2:11 PM, BAEZA placed a recorded phone call to "Tiger" at (216) 385-7181 to arrange the meet to pick up the boxes containing the 20 kilograms of cocaine. BAEZA told "Tiger" that he was the Holiday Inn. "Tiger" asked BAEZA for him to text the address to the hotel. BAEZA then texted him the address to the hotel. "Tiger" responded he would be there in 23 minutes.

13. Following the above, investigators observed a red Chevrolet Avalanche arrive in the rear of the Holiday Inn Express bearing Ohio Registration HSW 8841. This vehicle is registered to Gregory Harris, 1542 Booth Avenue, Toledo, Ohio. This truck backed next to BAEZA who was sitting in the Ford F-150. BAEZA made contact via the phone with "Tiger", who was later identified as Harold FOUCHA Jr., and the driver of the red Chevrolet Avalanche. The passenger of the Chevrolet Avalanche, later identified Christian SHERMAN, exited holding a gray plastic grocery bag, and was observed placing said bag on the front passenger seat of the Ford F-150. This grocery bag was later determined to be a large sum of U.S. Currency. SHERMAN then took the two boxes out of the Ford F-150. As SHERMAN was holding the boxes, DEA arrested SHERMAN and FOUCHA.

14. Investigators located several cell phones and a money counter inside the Chevrolet Avalanche. FOUCHA and SHERMAN were verbally Mirandized. FOUCHA stated he wanted to speak to his attorney and his sister. FOUCHA did state that SHERMAN had nothing to do with this. SHERMAN stated they spent the night at the Westin Hotel in downtown Cleveland, but FOUCHA rented the room.

## CONCLUSION

Based upon the above listed facts and circumstances, Affiant has probable cause to believe, and does believe that Nathan Jesus BAEZA, Christian SHERMAN, and Harold FOUCHA Jr. did knowingly conspire to possess with the intent to distribute over 5 kilograms of cocaine or more, a Schedule II controlled substance, in the Northern District of Ohio, Eastern Division, in violation of Title 21 U.S.C. 841(a)(1) and (b)(1)(A). Affiant therefore requests that arrest warrants be issued for Nathan Jesus BAEZA, Christian SHERMAN, and Harold FOUCHA Jr.

Daniel Lajack
Task Force Officer
Drug Enforcement Administration

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)

Thomas M. Parker
United States Magistrate Judge
12:14 PM, Jul 29, 2019